FILED
 2011 Dec-21  AM 10:30
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. FISHER, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 3:10-cv-02791-LSC |
| | ] | |
| MICHAEL ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The claimant, Melissa A. Fisher, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI"). Fisher timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Fisher was thirty years-old at the time of the Administrative Law Judge's ("ALJ") decision, and completed the eighth grade in school. Her past work

experiences include employment as a fast food worker, bartender, and waitress. Fisher claims that she became disabled on May 15, 2008.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Fisher meets the nondisability requirements for a period of disability and DIB and was insured through June 30, 2012. (Tr. at 10.) He further determined that Fisher has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's "mild mental retardation and panic attacks" are considered "severe" based on the requirements set forth in the regulations. (*Id.*)

However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 12.) The ALJ determined that Fisher has the residual functional capacity to perform a full range of work at all exertional levels with nonexertional limitations. (*Id.* at 13.) Specifically:

> The claimant has the moderately limited ability to understand, remember and carry out detailed instructions, but she can comprehend and recall brief and uncomplicated instructions and carry out short and simple instructions. The claimant is moderately limited in her ability to maintain attention and concentration for extended periods, but she can maintain attention and concentration for 2-hour periods during an 8-hour workday. She is moderately limited in her ability to respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others. She can make adequate adaptation to changes if they are introduced gradually and work goals are simple.

(*Id.*)

The ALJ determined that Fisher is capable of performing her past relevant work as a fast food worker, bartender, or waitress. (*Id.* at 17.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 15, 2008 through the date of this decision." (*Id.* at 18.)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover,

failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.  Discussion.

Fisher filed the instant action on October 15, 2010, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Fisher failed to submit any brief, argument, list of authorities, or statement in support of her appeal. The Commissioner filed a request for extension of time to file its own brief, noting Plaintiff had not filed any argument (Doc. 8), and Fisher still did not file anything with the Court. Deadlines for submissions have passed, and the issues in this case are ripe for decision. Fisher has not identified any errors in the ALJ's opinion.

This Court, however, thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Fisher is not disabled.

IV.  Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the

Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 21st day of December 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297